**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

ELEANOR R. MILLIGAN,

*Defendant.*

Criminal Action No. 19-424 (TJK)

## FINAL JURY INSTRUCTIONS

**1.  Function of the Court (2.101)**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.  It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

### 2.  Function of the Jury (2.102)

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts.  While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence. You should decide the case without prejudice, fear, sympathy, favoritism or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

### 3.  Jury's Recollection Controls (2.103)

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

### 4.   Evidence in the Case – Stipulations (2.104)

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, the facts of which I took judicial notice and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated — that is, agreed — to certain facts. You should consider any stipulation of fact to be undisputed evidence.

During the trial, you were told that the parties had stipulated — that is, agreed — to what testimony Barbara Young would have given if she had testified in this case. You should consider this stipulated testimony to be exactly what she would have said had she testified here. You also heard that the parties stipulated to exhibits as being authentic documents that meet the requirements for admission as business records under Federal Rule of Evidence 803(6). You should consider this stipulated evidence as fact.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**5.  Redacted Documents (2.500)**

During the course of this trial, a number of exhibits were admitted in evidence.  Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted.  Where this has occurred, I have required the irrelevant parts of the statement to be blacked out or deleted.  Thus, as you examine the exhibits, and you see or hear a statement where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out.

**6. Direct and Circumstantial Evidence (2.109)**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

7. **Statements of Counsel (2.105)**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**8. Inadmissible and Stricken Evidence (2.112)**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party she or he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

### 9. Indictment Not Evidence (2.106)

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

**10. Burden of Proof – Presumption of Innocence (2.107)**

The defendant has pleaded not guilty to the charge in the indictment. Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he/she is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his/her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find her guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

**11. Reasonable Doubt (2.108)**

The government has the burden of proving a defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**12. Venue**

In addition to bearing the burden of proof as to each element of the charged offenses, the government also bears the burden of proving venue in the District of Columbia as to each charged offense. "Venue" refers to the location where an offense is committed. To prove that a charged offense was committed in the District of Columbia, the government must prove that the offense was begun, continued or completed in the District of Columbia. There is no requirement that the entire offense take place in the District of Columbia. In this case, the government can establish venue for the offense of wire fraud in the District of Columbia by proving, for example, that a relevant wire communication originated, passed through, or was received in the District of Columbia.

Unlike the elements of the offenses that I described previously, the fact of venue only has to be proved by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that an act taken to commit the offense charged was begun, continued or completed in the District of Columbia. The government is not required to prove venue beyond a reasonable doubt. If you find that government has not met its burden of proving venue by a preponderance of the evidence as to any charged offense, you must acquit the defendant as to that offense.

Direct proof of venue is not necessary when circumstantial evidence in the record as a whole supports the inference that a crime was committed in the District of Columbia.

**13. Credibility of Witnesses (2.200)**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judge of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in

perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**14. Number of Witnesses (2.111)**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**15. Police Officer's or Law Enforcement Official's Testimony (2.207)**

A police officer's or law enforcement official's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer or law enforcement official.

**16. Nature of the Charges not to be Considered (2.110)**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge(s) itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

### 17. Right of Defendant Not to Testify (2.208)

Every defendant in a criminal case has an absolute right not to testify. Eleanor Milligan has chosen to exercise this right. You must not hold this decision against her, and it would be improper for you to speculate as to the reason or reasons for her decision. You must not assume the defendant is guilty because she chose not to testify.

**18. Wire Fraud**

Counts One through Eight of the indictment charge the defendant Eleanor Milligan with Wire Fraud.

The elements of Wire Fraud, each of which the government must prove beyond a reasonable doubt, are that:

      a.   the defendant Eleanor Milligan knowingly and willingly devised a scheme to defraud or to obtain money or property by means of materially false or fraudulent pretenses, representations, or promises;

      b.  the defendant Eleanor Milligan did so with the intent to defraud;

      c.  in furthering or carrying out this scheme to defraud, the defendant Eleanor Milligan knowingly and deliberately caused the transmission of a writing, sign, or picture by means of a wire communication in interstate commerce.

A scheme to defraud is any plan, pattern, or course of action intended to deceive or cheat someone out of money or property by using materially false or fraudulent pretenses, representations, or promises, reasonably calculated to deceive.

False or fraudulent pretenses, representations, or promises are any actual or direct false statements, known to be false or made with reckless indifference to the truth, deceitful statements, half-truths, concealment of facts that are material -- or important to the matter, all of which were knowingly made or concealed with the intent to defraud.

A pretense, representation, or promise is material if it would be important to a reasonable person in making a decision about a particular matter. However, whether a pretense, representation, or promise is material does not depend upon whether a person was actually deceived, or relied on it, or should have known it was false or fraudulent. Nor is it required that the government show that the defendant's purpose was to cause a loss to the victim. Moreover, it is irrelevant whether the person acting on the pretense, representation or promise did so negligently, carelessly, irresponsibly, or could have done something more to prevent the offense. With respect to the second element, intent to defraud means to act knowingly and with the specific intent to deceive. Knowingly means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past she committed an act with fraudulent intent. Such direct proof is not required.

Someone's intent ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer the person's intent from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate her intent. You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

With respect to the third element, a wire communication consists of any writings, signs, signals, pictures, or sounds, for example, a fax, email, text message, electronic communication, or phone call, from one state to another state. For the purpose of a Wire Fraud charge, the District of Columbia is considered a state.

It is not necessary for the government to prove that the item transmitted was itself false or fraudulent, or that the use of the interstate wire communication was intended as the specific or exclusive means of accomplishing the scheme. However, the wire communication must have been, in fact, used in some manner to further or to carry out the scheme and the defendant Eleanor Milligan must have had fraudulent intent at the time of the wire communication.

It is not necessary for the defendant Eleanor Milligan to be directly or personally involved in the wire communication, so long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which she is accused of participating. When a defendant does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, then she causes the wires to be used.

Finally, each use of interstate wires to further or to carry out the scheme to defraud may be a separate violation of the Wire Fraud statute.

**19. Aggravated Identity Theft**

Counts Nine through Twelve of the indictment charge the defendant Eleanor Milligan with Aggravated Identity Theft.

The elements of Aggravated Identity Theft, each of which the government must prove beyond a reasonable doubt, are that:

    a.  The defendant Eleanor Milligan knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person;

    b.  The defendant Eleanor Milligan knew that the means of identification belonged to another actual person; and

    c.  The defendant Eleanor Milligan transferred, possessed, or used the means of identification of another person during and in relation to wire fraud, in violation of 18 U.S.C. § 1343.

The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any (A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number; (B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation; (C) unique electronic identification number, address, or routing code; or (D) telecommunication identifying information or access device.

In order for you to find that the defendant acted "during and in relation to" an offense, you must find that the unauthorized transfer, possession, or use of the means of identification facilitated or played a role in the offense. You may use the Court's definitions of these elements of the

offense of wire fraud in considering whether the defendant's actions facilitated or played a role in that offense, keeping in mind that this count charges the transfer, possession, or use of means of identification during and in relation to wire fraud, and not the commission of wire fraud.

**20. Theft in the First Degree (5.300)**

Count Thirteen of the indictment charges the defendant Eleanor Milligan with Theft in the First Degree.

The elements of the offense of Theft in the First Degree, each of which the government must prove beyond a reasonable doubt, are that:

    a.   The defendant Eleanor Milligan wrongfully obtained the property of another by taking or exercising control over the property against the will or against the interest of Global Management Systems, Inc. ("GMSI");

    b.   When the defendant Eleanor Milligan obtained the property, she intended either to deprive Global Management Systems, Inc. ("GMSI") of a right to the property or a benefit of the property or to take or make use of the property for herself or for another person, without authority or right; and

    c.   The property had a value of $1,000 or more.

"Property of another" means anything of value owned by someone other than the defendant.

**21. Proof of State of Mind (3.101)**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done by Eleanor Milligan and all other facts and circumstances received in evidence which may indicate her intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts she intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Eleanor Milligan acted with the necessary state of mind.

**22. Multiple Counts (2.402)**

Each count of the indictment charges a separate offense.  You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

**23. Other Crimes Evidence (2.321)**

**Evidence of Other Crimes Admitted to Show Intent and Absence of Mistake**

You have heard evidence that while Eleanor Milligan was employed by the University of Maryland Medical System ("UMMS"), she used the payroll system to generate unauthorized payments in the names of employees and former employees. It is up to you to decide whether to accept that evidence.

However, you must first decide, without considering that University of Maryland Medical System evidence at all, whether the government has proved beyond a reasonable doubt that Eleanor Milligan committed the acts constituting the charged offenses related to Global Management Systems, Inc. ("GMSI"), that is, generated or caused the payments to her bank or credit card accounts. If you find that the government has proved beyond a reasonable doubt that Eleanor Milligan committed those acts related to GMSI, then you may consider the evidence that she used the payroll system at the University of Maryland Medical System to generate unauthorized payments in the names of employees and former employees.

If you find that Eleanor Milligan used the payroll system at the University of Maryland Medical System to generate unauthorized payments in the names of employees and former employees, you may use this evidence only for the limited purpose of deciding or determining whether the government has proved beyond a reasonable doubt that Eleanor Milligan had the specific intent to defraud and acted knowingly and on purpose, and not by mistake or by accident.

You may not use this evidence for any other purpose. Eleanor Milligan is only on trial for the crimes charged. Eleanor Milligan is not charged in this case with any offense relating to the University of Maryland Medical System, and you may not use this evidence to conclude that she has a bad character, or that Eleanor Milligan has a criminal personality. The law does not allow you to convict Eleanor Milligan simply because you believe she may have done bad things not

specifically charged as crimes in this case.

## 24. Possible Punishment Not Relevant (2.505)

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**25. Selection of a Foreperson (2.502)**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission--to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**26. Cautionary Instruction on Publicity, Communications and Research (2.508)**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**27. Communications Between Court and Jury During Jury's Deliberations (2.509)**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person-- not the clerk, the marshal or me--how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter--for example, 6-6 or 7-5 or 11-1, or in any other fashion--whether the vote is for conviction or acquittal or on any other issue in the case.

**28. Unanimity (2.405)**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

**29. Attitude and Conduct of Jurors in Deliberations (2.510)**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**30. Exhibits During Deliberations (2.501)**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

### 31. Furnishing the Jury with a Copy of the Instructions (2.100)

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

### 32. Verdict Form Explanation (2.407)

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements that the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

### 33. Excusing Alternate Jurors (2.511)

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats Two and Seven.

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

### 34. Notetaking by Jurors (1.105B)

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.